## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ISMAEL ROLON-AYALA,

      Petitioner,

v.                                    CASE NO. 8:10-CV-1086-T-30EAJ
                                        CRIM. CASE NO. 8:04-CR-457-T-30EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

### ORDER

Before the Court is Petitioner's "Motion in Response to Judge Order to Petitioner Motion Under Title 18 [sic] USC § 2255" ("motion") (CV Dkt. 5) which the Court construes as a motion to alter or amend, filed pursuant to Federal Rules of Civil Procedure Rule 59(e), the Court's May 11, 2010 order dismissing Petitioner's § 2255 motion as time-barred (see CV Dkt. 3).

### Analysis

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)).  Petitioner does not present newly-discovered evidence.  Instead, Petitioner argues in his motion that the Court should not have dismissed his § 2255 motion as time-barred because it should have characterized, or at least given Petitioner the option to characterize, his "Motion for Modification of Sentence Pursuant to Title 18 U.S.C. 3582"

(see CR Dkt. 570) as a motion to vacate pursuant to 28 U.S.C. § 2255.  Petitioner's argument is without merit.

First, Petitioner presents no law demonstrating that this Court was required to treat, or give him the option to treat, his 18 U.S.C. § 3582 motion as a motion to vacate pursuant to 28 U.S.C. § 2255.

Second, Petitioner's judgment of conviction became final on October 1, 2007, when the Supreme Court denied his petition for a writ of certiorari.[1]  *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction.") (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)  (applying the one-year statute of limitations for federal habeas petitions, 28 U.S.C. § 2255)).  Thus, Petitioner had until October 1, 2008, to file his § 2255 motion.  Petitioner constructively filed his § 3582 motion on October 7, 2008, the date he mailed it to the Court for filing (see CR Dkt. 570 at pg. 13).  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (2001) (mailbox rule treats motions as filed upon delivery to prison authorities for mailing). Therefore, even if the Court had treated his § 3582 motion as a § 2255 motion, it still would have been untimely.

Finally, to the extent Petitioner argues he is entitled to equitable tolling of the limitation period because he hired the Federal Criminal Research, Inc., to prepare and timely file a § 2255 motion on his behalf, and it failed to do so, he fails to demonstrate that he is entitled to equitable

---

[1] *See Rolon-Ayala v. United States*, 552 U.S. 929 (2007) [table].

tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 177 L. Ed. 2d 130, 146 (2010) (citations and internal quotations omitted).  Petitioner has not provided this Court with, nor is this Court aware of, any case law which holds that negligence, other than attorney misconduct going beyond "mere negligence" (see *Holland*, 177 L. Ed. 2d at 147), on the part of a civilian assisting a petitioner with filing a § 2255 motion is an extraordinary circumstance justifying equitable tolling.  *See, e.g.*, *Nunez v. Robert*, 2006 U.S. Dist. LEXIS 4691, at *15 (S.D. Ill. Jan. 24, 2006) ("[T]he Court does not find that the incorrect advice provided by the *civilian paralegal* and inmate law clerk amounts to an extraordinary circumstance beyond Nunez's control in order to warrant tolling.").  *Cf.  Joubert v. McNeil*, 2009 U.S. Dist. LEXIS 124703, *18 (S.D. Fla. Dec. 29, 2009) ("The Eleventh Circuit has expressly held that equitable tolling should not apply where an attorney misadvised his client as to the triggering of the AEDPA's one-year limitation. *Helton v. Sec'y. Dept. Of Corr.*, 259 F.3d 1310, 1313 (11 Cir. 2001). Accordingly, any negligence on the part of an inmate law clerk with regard to the federal deadline certainly would not justify equitable tolling.");  *Crenshaw v. Ferrell*, 2006 U.S. Dist. LEXIS 56071, *4 (S.D. Ala. July 24, 2006) ("[P]etitioner's reliance on a law clerk who failed to file in a timely manner is insufficient to warrant equitable tolling.");  *Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (allegation that inmate law clerk who assisted the petitioner took 170 days to prepare a state habeas application held to be insufficient to warrant equitable tolling, because the fact that another inmate provided assistance "did not relieve [petitioner] from his personal responsibility of complying with the law");  *Mendez v. Artuz*, 2000 U.S. Dist. LEXIS 9958,

2000 WL 991336, at *2 (S.D.N.Y. July 19, 2000) ("[A] fellow inmate's inaccurate legal advice as to the requirements of the AEDPA is not an extraordinary or exceptional circumstance warranting equitable tolling."); *Fonseca v. McNeil*, 2009 U.S. Dist. LEXIS 126842, 2009 WL 196095, *5 (S.D. Fla. 2009)("The fact that [petitioner] might need to rely on inmate law clerks and others because he is uneducated in the law, as he contends, is not uncommon. Prisoners often count on other prisoners for assistance in filing lawsuits or seeking habeas relief. Since a lack of knowledge of the law is not in any way rare, and is probably the rule rather than exception among prisoners, such reliance is not extraordinary or unusual, and therefore is not a justification for equitable tolling."); *Heinken v. Higgins*, 2005 U.S. Dist. LEXIS 38637, at *15 (W.D. Okla. Nov. 29, 2005) ("Petitioner's claims regarding inadequate assistance from 'persons trained in the law' or inmate law clerks does not merit equitable tolling.").

Furthermore, Petitioner does not present facts that suggest more than simple negligence, if any, by Federal Criminal Research, Inc. *Cf. Holland*, 177 L. Ed. 2d at 147 (attorney's failure to file petitioner's petition on time and ignorance of date limitations period expired, alone, "suggest simple negligence").

Accordingly, the Court **ORDERS** that Petitioner's construed Rule 59(e) motion to alter or amend (CV Dkt. 5) is **DENIED**.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

4

denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test.  529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*